Mr. Justice Thachek.
delivered the opinion of the court.
Writ of error to Jefferson county circuit court.
Suit was instituted against Henry & Hoyle, copartners, and Samuel N. Robb, joint makers of a promissory note.
The first objection is to the sufficiency of the service of the writ on defendant Hoyle. It is true that the record shows a special deputation to George Torrey to serve the writ, and that it was in fact returned executed, as to Hoyle, by another deputy. The service was made by a legal officer, as we are bound to consider, although not by the deputy designated by the sheriff. This may be a matter between the deputies, if it is not determined by the statute, H. & H. 293, § 9, but it cannot invalidate the service of the writ. The return — “Executed— Edward Hoyle,” &c., is necessarily return of service upon defendant Hoyle, because the writ shows that all the other parties defendant had been previously served.
The objection to the usurious character of the note is unavailing, since there is no evidence in the record respecting the rate of legal interest in Louisiana; and, in the absence of evidence on this point, we are bound to presume the finding of the jury to be correct. Martin, Aiken et al. v. Martin, Pleasants & Co. 1 S. & M. 176.
The objection that the verdict, in this case, was found for the plaintiff instead of the plaintiffs, is a mere technical error. The record shows that the jury were empaneled to try the issue in the case at bar, which is sufficient to identify the parties plaintiff.
The judgment of the court below, however, is in the singular number, against the defendant. There was an issue submitted to the jury by one defendant only, to which the verdict responded, and upon which the judgment was so far authorized ; but, there were other defendants, duly served, who had made no answer, and entered no appearance. Although the record makes no notice of their default, the conclusion of law is, that *577 they were in default, and judgment should have been entered up against them likewise. Rappleye et al. v. Hill et al. 4 How. 295.
The judgment of the court below is therefore reversed, and this court, giving such judgment as should have been given, directs judgment to be entered up against all the plaintiffs in error.